Jason O. Sias (SBN #279196)
*Jsias@siaslawinc.com*
**SIAS LAW, INC.**
1809 S Street, Suite 101-291
Sacramento, CA 95811
Telephone:   (888) 958-5071
Facsimile:    (888) 958-5072

Jamon R. Hicks (SBN #232747)
*Jamon@douglashickslaw.com*
**DOUGLAS / HICKS LAW, APC**
5120 W. Goldleaf Circle, Suite 140
Los Angeles, CA 90056
Telephone:   (323) 655-6505
Facsimile:    (323) 927-1941

Counsel for Plaintiff, SEAN SINGLETARY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN SINGLETARY, an individual,<br><br>Plaintiff,<br>vs.<br><br>CITY OF SANTA MONICA, a public entity, CHIEF CYNTHIA RENAUD, in her individual and official capacity, and DOES 1-50 inclusive,<br><br>Defendants. | Case No.: # _____<br><br>**COMPLAINT FOR DAMAGES & DEMAND FOR JURY TRIAL**<br><br>1. First Amendment – Retaliation (42 U.S.C. § 1983)<br>2. Fourth Amendment – Excessive Force (42 U.S.C. § 1983)<br>3. Municipal Liability – Unconstitutional Custom, Practice or Policy (42 U.S.C. § 1983)<br>4. Municipal Liability – Failure to Properly Train (42 U.S.C. § 1983)<br>5. Battery<br>6. Assault<br>7. Negligence<br>8. Intentional Infliction of Emotional Distress<br>9. Violation of Bane Act (California Civil Code § 52.1) |

## **COMPLAINT FOR DAMAGES**

1. Plaintiff, SEAN SINGLETARY (hereinafter as "MR. SINGLETARY") complains of defendants CITY OF SANTA MONICA ("CITY"), a public entity,

Police Chief CYNTHIA RENAUD (hereinafter as "CHIEF RENAUD") in her individual and official capacity, and DOES 1-50 (collectively hereinafter as "DEFENDANTS"), inclusive, for damages and Demand for Jury Trial, and alleges as follows:

## INTRODUCTION

2.  This civil rights action seeks compensatory damages against DEFENDANTS and punitive damages from Defendants CHIEF RENAUD and DOES 1-50 (of these 50 DOES, certain officers were police officers that were present at the May 31, 2020 Santa Monica protest who violently engaged with peaceful protestors and caused PLAINTIFF's injury; those officers will be hereinafter as "DOE OFFICERS") for violating various rights under the United States Constitution and state law in connection with the officers' unjustified assault and use of excessive force of MR. SINGLETARY while PLAINTIFF peacefully protested the murder of George Floyd by officers from the Minneapolis Police Department.

3.  Following the thousands of deaths of unarmed people of color, hundreds of thousands of people across the world simultaneously expressed their disgust, frustration, and condemnation for the deaths of the Black men and women, and sometimes children, in the United States of America, including, and not limited to, Breonna Taylor, Stephon Alonzo Clark, and the most recent George Perry Floyd. These people united in support for the Black Lives Matter movement.

4.  One of those large demonstrations occurred in CITY of Santa Monica on May 31, 2020. The majority of the protest's participants, including PLAINTIFF, were peaceful.

5.  In response to the *anticipated* peaceful protest, and on *short notice* to those living in CITY, CITY initiated a city-wide curfew[1] that was to take effect in that

---

[1] CITY's curfew's started at 4pm and lasted until 5:30am the next morning. https://www.santamonica.gov/press/2020/05/31/santa-monica-curfew-in-place-tonight-at-8-p-m.

SIAS LAW, INC.
1809 S Street, Suite 101-291
Sacramento, CA 95811
T: 888.958.5071 – F: 888.958.5072

late afternoon. This curfew applied to everyone living in CITY and it targeted the peaceful protestors to prevent them from expressing their political views and their opposition to the police violence that resulted in the murders of the countless Black men and women.

6.  In fact, the violence that erupted that day was instigated and brought on by the Santa Monica Police Department (hereinafter as "SMPD") officers who were armed in riot gear, used highly controversial "kettling" crowd control tactics to "trap and detain" peaceful protesters, and shot MR. SINGLETARY in the face and other parts of his body with projectiles as he stood, with his hands' open and palms facing the wall of SMPD officers, above his head to show SMPD officers he was not any threat of harm to anyone – not to police officers, bystanders, or anyone else.

7.  The actions that SMPD officers took that day were so highly criticized that it led to CITY Council calling for an independent investigation of the SMPD's conduct, and CHIEF RENAUD's and the Interim Santa Monica City Manager's eventual resignation.

8.  By preemptively banning peaceful assemblies, kettling the peaceful demonstrators, and violently, and with reckless disregard for safety of citizens, firing projectiles into a crowd of unarmed and peaceful protestors, including directly at MR. SINGLETARY's face, DEFENDANTS violated PLAINTIFF's rights under the United States and California Constitutions.

9.  At all times relevant DOE OFFICERS were members of the SMPD or other law enforcement agencies who were responding to CITY's request for mutual aid, and were duly authorized employees of CITY, acting under color of law, within the course and scope of their respective duties as SMPD officers, and with the complete authority and ratification of CITY.

10. DOE OFFICERS are directly liable for PLAINTIFF's injuries under state law pursuant to California government code §820.

SIAS LAW, INC.
1809 S Street, Suite 101-291
Sacramento, CA 95811
T: 888.958.5071 – F: 888.958.5072

11. Defendants CITY, CHIEF RENAUD and DOES 1-50 also proximately caused PLAINTIFF's injuries and are liable under state law pursuant to California Government code §§ 815.2 and 820.

12. DOE OFFICERS are directly liable for MR. SINGLETARY's injuries under federal law pursuant to 42 U.S.C. § 1983.

13. CITY, CHIEF RENAUD, and DOES 1-50 also proximately caused PLAINTIFF's injuries and are liable under state and federal law and under the principles set forth in *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

14. CITY, by summarily rejecting PLAINTIFF's Claim for Damages, has proven its unwillingness to accept responsibility for the wrongful actions CITY and SMPD officers committed that day, and CITY continues to violate citizens' rights by ignoring the allegations and preventing these incidents from happening.

15. The policies and customs behind restricting the right to assemble and assaulting peaceful protestors, such as PLAINTIFF, are fundamentally unconstitutional and constitute a menace of major proportions to the public.

16. Accordingly, PLAINTIFF seeks, by way of this action, to hold those responsible for the unjustified assault and use of force, accountable.

## PARTIES

17. At all relevant times, PLAINTIFF **SEAN SINGLETARY**, is an African-American male over the age of eighteen, and a resident of the County of Los Angeles, California. At all times relevant, MR. SINGLETARY was a peaceful protestor showing solidarity with the Black Lives Matter Movement to peacefully protest by using his voice to hold police departments accountable for their brutality and killings of unarmed Black Americans. He was peacefully protesting near the Third Street Promenade with both hands and open palms in the air when officers fired projectiles at his face and body, striking him multiple times, causing him bruising, bleeding, and pain.

SIAS LAW, INC.
1809 S Street, Suite 101-291
Sacramento, CA 95811
T: 888.958.5071 – F: 888.958.5072

18. At all relevant times, Defendant, **CITY OF SANTA MONICA**, is and was a duly organized public entity, form unknown, existing under the laws of the State of California. SMPD is a local government entity and an agent of CITY, and all actions of the SMPD are the legal responsibility of CITY.

19. Furthermore, at all relevant times, CITY possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the SMPD and its tactics, methods, practices, customs, and usages. At all relevant times, CITY was the employer of DOES 1-50 who were CITY police officers, police officers' supervisorial officers, and who were managerial supervisorial and policymaking employees of CITY SMPD. On information and belief, at all relevant times, DOES 1-50 were residents of the County of Los Angeles, California.

20. At all times relevant, CITY was responsible for assuring that the actions, omissions, policies, practices, and customs of the SMPD and its employees and agents complied with the laws of the United Sates and the State of California.

21. CITY is sued in its own right on the basis of its policies, customs, and practices that gave rise to PLAINTIFF's federal rights claims.

22. Defendant **CHIEF CYNTHIA RENAUD** was at all times relevant to this action, the SMPD police chief and a policy maker for her department. She is sued in both her individual and official capacities.

23. At all relevant times, **Defendants DOES 1-50** were duly authorized employees and agents of CITY, who were acting under color of law within the course and scope of their respective duties as police officers and with the complete authority and ratification of their principal, CITY.

24. At all relevant times, DOE OFFICERS were duly appointed officers and/or employees of agents of CITY, subject to oversight and supervision by CITY's elected and non-elected officials.

25. In doing the acts and failing and omitting to act as hereinafter described,

SIAS LAW, INC.
1809 S Street, Suite 101-291
Sacramento, CA 95811
T: 888.958.5071 – F: 888.958.5072

DOE OFFICERS were acting on the implied and actual permission of CITY.

26. At all times mentioned herein, each and every CITY defendant was the agent of each and every other CITY defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every CITY defendant.

27. PLAINTIFF is informed and believes and thereon alleges that each of the Defendants designated as a DOE are intentionally and negligently responsible in some manner for the events and happenings herein referred to, and thereby proximately caused injuries and damages as herein alleged. The true names and capacities of DOES 1 through 50 (hereinafter as "DOES"), inclusive, and each of them, are not now known to PLAINTIFF who, therefore, sues said Defendants by such fictitious names. PLAINTIFF will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

28. All DEFENDANTS who are natural persons, including DOES 1-50, are sued individually and/or in his/her official capacity as officers, sergeants, captains, commanders, supervisors, and/or civilian employees, agents, policy makers, and representatives for CITY.

29. DEFENDANTS are liable for PLAINTIFF's injuries under California law and under the doctrine of *respondeat superior*. Liability under California law for public entities and public employees is based on California Government Code §§ 815.2 and 820. This complaint may be pled in the alternative pursuant to Federal Rule of Civil Procedure 8(d)(2).

## JURISDICTION AND VENUE

30. Jurisdiction is conferred upon this Court by 28 U.S.C §§1331and 1334 1367 and arises under 42 U.S.C. §§ 1983, 1985, 1986, 1988 and the Fourth and Fourteenth Amendments of the United State Constitution.

31. Venue is proper in the Western Division of the Central District of California pursuant to 28 U.S.C. § 1391 because the events and conduct giving rise to

SIAS LAW, INC.
1809 S Street, Suite 101-291
Sacramento, CA 95811
T: 888.958.5071 − F: 888.958.5072

PLAINTIFF's claims all occurred in Los Angeles County, in CITY of Santa Monica

## CLAIMS STATUTE REQUIREMENT

32. PLAINTIFF timely filed and served his "Claim for Damages" with CITY pursuant to California Government Code Section 911.2 on July 07, 2020, during the early stages of the corona virus pandemic. The claim was rejected and PLAINTIFF received[2] notice on December 02, 2021. The state law claims herein are timely.

## JURISDICTION AND VENUE

33. Jurisdiction is conferred upon this Court by 28 U.S.C §§1331and 1334 1367 and arises under 42 U.S.C. §§ 1983, 1985, 1986, 1988 and the Fourth and Fourteenth Amendments of the United State Constitution.

Venue is proper in the Western Division of the Central District of California pursuant to 28 U.S.C. § 1391 because the events and conduct giving rise to PLAINTIFF's claims all occurred in Los Angeles County, in CITY of Santa Monica.

## FACTS COMMON TO ALL COUNTS

34. PLAINTIFF realleges each and every allegation above with the same force and effect as if fully set forth herein.

35. On or about May 30, 2020, Santa Monica's City Manager declared the existence of a local emergency pursuant to the Santa Monica Municipal Code 2.16. The emergency was the "violence surrounding the protests concerning the tragic death in Minnesota of George Floyd, as demonstrated by the violence that occurred

---

[2] Mr. Michael Mack, the liability claims adjuster, emailed CITY's August 17, 2020 rejection letter to PLAINTIFF' counsel on December 2, 2021, after speaking with counsel and learning that PLAINTIFF never received a copy of the letter in the mail. On information and belief, PLAINTIFF believed that if in fact CITY did mail the rejection letter, PLAINTIFF'S lack of receipt of the letter could have been a result of the Trump administration's tactics of delaying mail in 2020 and combined with COVID's effect on the workforce and mandated closures.

SIAS LAW, INC.
1809 S Street, Suite 101-291
Sacramento, CA 95811
T: 888.958.5071 – F: 888.958.5072

in connection with protests in the neighboring City of Los Angeles."[3] Considering the emergency, CITY Manager imposed a curfew between the hours of 8:00pm and 5:30am. Pursuant to the curfew, no person could be upon "the public streets, avenues, alleys, parks, ways, or any other public place or upon unimproved private real property." Law enforcement was directed to arrest any person who did not obey the curfew order and charge them with a misdemeanor.

36. On May 31, 2020, CITY issued an earlier curfew that changed the curfew start time four hours earlier at 4:00pm. According to a review report prepared for the CITY by an outside group, the Office of Independent Review ("OIR"),[4] the SMPD had no adequate plan, if they had any, to interact with peaceful protestors while responding to individuals and groups engaged in unlawful conduct. Furthermore, no constitutionally valid policy on the use of less-lethal munitions or weaponry (hereinafter as "LLM") existed that would authorize deployment aimed at an individual's chest area or above, especially in the face, because of the potentially serious and possibly fatal injury it could cause. Any properly trained law enforcement officer, acting pursuant to a constitutionally sufficient policy, would know not to deploy a LLMs in this manner.

37. That day PLAINTIFF attended a protest organized by Black Lives Matter. This protest was planned to take place at or near the third street promenade in CITY of Santa Monica. The people that attended the protest planned to show solidarity for Black Lives Matter and to bring awareness to the George Floyd

---

[3] City of Manager's Office, First Supplement to the Executive Order of the Director of Emergency Services Declaring the Existence of a Local Emergency (May 30, 2020), https://www.santamonica.gov/Media/Default/COVID-19/1%20-%20First%20Supplement%20-%20Local%20Emergency%20-%20May%2030.pdf.

[4] EXA-OIR Group Report (Santamonica.gov) (INDEPENDENT AFTER ACTION AND EVALUATION REGARDING THE EVENTS LEADING TO, DURING, AND FOLLOWING MAY 31, 2020) ISSUED MAY 4, 2021, https://www.santamonica.gov/Media/CMO/Attachment-11153.pdf

SIAS LAW, INC.
1809 S Street, Suite 101-291
Sacramento, CA 95811
T: 888.958.5071 – F: 888.958.5072

murder by displaying signs in support of Black Lives Matter, chanting "George Floyd," while sitting or kneeling with their hands up in the air, chanting "hands up, don't shoot", or both (hereinafter, collectively as "peaceful protestors").

38. At or about 3:30 pm, PLAINTIFF and his friends joined the protest.

39. Sometime thereafter, the peaceful protestors walked their way to about 5th street in between Santa Monica Boulevard and Broadway in CITY of Santa Monica. At this location, they were met and confronted by DOE OFFICERS who were armed in riot gear, displayed weapons pointed at the peaceful protestors, and formed a wall to block the peaceful protestors from walking forward. Seeing the DOE OFFICERS, the peaceful protestors froze.

40. DOE OFFICERS then deployed a tactic known as "kettling[5]" when the DOE OFFICERS marched forward – forcing the protesters to turn around and go in the opposite direction.

41. While most of the protesters turned around to march in the opposite direction, MR. SINGLETARY's woman friend knelt on the ground in support of her reason for protesting.

42. The officers continued marching forward displaying their batons in a threatening manner.

43. MR. SINGLETARY saw the DOE OFFICERS approaching his friend, and in fear of her safety, he walked up to his friend with his hands raised, and opened palms in the air, above his head to show the officers he was not a threat to anyone.

44. As PLAINTIFF walked towards his friend, DOE OFFICERS raised their firearms up from the ground.

---

[5] Kettling is a highly controversial method of crowd control that some call "trap and detain" because it involves lines of police officers corralling a group of people. Katherine Rosenberg-Douglas, What is 'kettling'? It's a controversial tactic to contain crowds, and Chicago police are accused of using it during downtown protests (Aug. 10, 2020), https://www.chicagotribune.com/news/breaking/ct-kettling-chicago-police-20200818-bf3qemv6cjgyfkxea6bcxanzqi-story.html

SIAS LAW, INC.
1809 S Street, Suite 101-291
Sacramento, CA 95811
T: 888.958.5071 – F: 888.958.5072

45. Other peaceful protestors saw PLAINTIFF and his friend's display and began walking towards them to line up with them in support of their peaceful protest – many of those protestors knelt with their hands and open palms in the air.

46. DOE OFFICERS continued to walk towards PLAINTIFF while thrusting their batons forward at him and the peaceful protestors. When DOE OFFICERS got about ten feet away from PLAINTIFF, an unknown person threw a single bottle of water in the direction of the police.

47. Suddenly and without warning, a DOE OFFICER yelled "fire" and DOE OFFICERS intentionally fired rubber bullets at MR. SINGLETARY.

48. While standing with his hands raised above his head, DOE OFFICER(S) shot MR. SINGLETARY in the face and on the wrist and his blood splattered around him and onto his girlfriend's person.

49. MR. SINGLETARY and his girlfriend turned around to run away from the onslaught of bullets.

50. DOE OFFICERS continued to intentionally shoot at and struck MR. SINGLETARY an additional time in the buttocks.

51. The response from law enforcement was unwarranted, firing LLMs in response to a single person throwing a water battle when PLAINTIFF posed no threat of immediate violence to anyone. DOE OFFICERS failed to attempt to identify and remove the individual who threw the water bottle, and instead assaulted and launched a blitzkrieg of rubber bullets without giving a dispersal order warning of the intention to use LLMs.

52. On June 9, 2020, the Santa Monica City Council called for an independent investigation of the police department's conduct on May 31, 2020, following criticism of the department's response on that same day.

53. Activists in CITY criticized the department for focusing their units on protests organized by Black Lives Matter and officers that used excessive force against peaceful protestors.

SIAS LAW, INC.
1809 S Street, Suite 101-291
Sacramento, CA 95811
T: 888.958.5071 – F: 888.958.5072

54. During DOE OFFICERS' unreasonable use of force, PLAINTIFF never threatened officers, was unarmed, had his hands above his head, and posed no immediate threat of death, serious physical injury, or safety to any SMPD officers, or any other person. Furthermore, at all times relevant, during PLAINTIFF's contact with Defendants, PLAINTIFF behaved peacefully. PLAINTIFF neither possessed or displayed any weapon, nor did he threaten anyone in any way. PLAINTIFF never resisted a lawful order and was never given any order or warning prior to the unreasonable use of LLMs and other force.

55. Despite PLAINTIFF showing signs of peacefulness and nonaggression, SMPD officers shot him three times, twice in deadly areas: above the chest. Defendants did not have any reasonable justification to use such unlawful and excessive force.

56. DOE OFFICERS, individually and as peace officers, while acting in the course and scope of their employment with CITY, at a bare minimum, negligently assessed the circumstances presented to them and violently confronted PLAINTIFF without having a justifiable reason to use such illegal force.

57. The use of force used by Defendants against PLAINTIFF caused severe injuries, was a very high level of force considering PLAINTIFF's reason for being present was to peacefully protest and his display of non-violence and was unjustified and objectively unreasonable under the circumstances.

58. DOE OFFICERS knew that PLAINTIFF's presence at the protest meant that he planned to take part of the peaceful protesting. Defendants used unreasonable tactics that included a large number of officers' present, kettling, a display of weapons (batons and firearm, including rubber bullet guns), use of weapons (shooting MR. SINGLETARY in the face, wrist and butt with rubber bullets) without warning before deployment and without an opportunity for PLAINTIFF to comply with a command/warning, multiple uses of the rubber bullet gun without reason or justification for the subsequent firings and without

SIAS LAW, INC.
1809 S Street, Suite 101-291
Sacramento, CA 95811
T: 888.958.5071 – F: 888.958.5072

warning before deployment, and excessive and extreme force under the circumstances that included purposefully and intentionally aiming above MR. SINGLETARY's waist, including, his face.

59. At all material times, Defendants' excessive force was done without reasonable justification, or other legal right; lasted an excessive amount of time; and was conducted unreasonably. Alternatively, or concurrently, Defendants' own excessive and unreasonable actions created the situation in which Defendants decided to unlawfully use force against PLAINTIFF and caused an escalation of events leading to the unlawful use of force against, and injury to PLAINTIFF.

60. At all material times, and alternatively, the actions and omissions of each Defendant were intentional, wanton and/or willful, conscience shocking, reckless, malicious, deliberately indifferent to PLAINTIFF's rights, done with actual malice, grossly negligent, negligent, and objectively unreasonable.

61. PLAINTIFF required medical treatment for the injuries Defendants caused.

62. As a direct and proximate result of Defendants' actions and omissions as set forth above, PLAINTIFF sustained the following injuries and damages, past and future, among others:

a.  MR. SINGLETARY suffered physical injuries requiring medical treatment, including, but not limited to, multiple lacerations, bruising hematomas, contusions, numbness, stiffness, swelling, skin discoloration, disorientation, headaches, memory loss, muscle soreness, pain and discomfort, difficulty walking.

b.  Additionally, MR. SINGLETARY sustained a permanent scar on his face, which causes him severe emotional anguish over his appearance and requires plastic surgery to remove.

c.  Furthermore, immediately following the shooting, he suffered from shortness of breath, lightheaded and dizziness, and tremors as a result of being emotionally distressed by the shooting and resulting witnessing of blood splatter on himself and others.

d.  PLAINTIFF suffered from violation of his constitutional rights;

e.  Lost business opportunities;

f.  Medical expenses;

g.  Pain and suffering and emotional distress, including, but not limited to, trauma, grief, fright, anger, fear, nervousness around law enforcement officers, trepidation, shame and humiliation, difficulty sleeping, headaches, anxiety, nightmares and are unable to engage in typical day-to day activities as a result of fear of leaving their home;

h.  All damages, costs, and attorney's fees and penalties recoverable under 42 U.S.C. §§ 1983, 1988, California Civil Code §§ 52 and 52.1, California Code of Civil Procedure § 1021.5, and as otherwise allowed under California and United States statues, codes, and common law; and

i.  In any amounts according to proof and in excess of the minimum jurisdictional amount of this Court as well as for the use of money, pre and post judgment interest, and such other damages as deemed just and proper.

### *MONELL* VIOLATIONS

63. PLAINTIFF realleges each and every allegation above with the same force and effect as if fully set forth herein.

64. Based upon the principals set forth in Monell v. New York City Department of Social Services, 436 U.S. 658 (1978), CITY is liable for all injuries sustained by PLAINTIFF as set forth herein. CITY bears liability because its policies, practices and/or customs were a cause of PLAINTIFF's injuries, and/or because CITY ratified the unlawful actions of its employees that caused PLAINTIFF's injuries. CITY and its supervisory officials, including Defendant CHIEF RENAUD, maintained or permitted one or more of the following official policies, customs or practices which displayed reckless and deliberate indifference to the constitutional rights of persons such as PLAINTIFF, and were a direct cause of PLAINTIFF's damages:

a. In the wake of the Derek Chauvin murder of George Floyd, CITY and SMPD knew that large groups of peaceful protestors would exercise their First Amendment rights and they should be protected and respected, so those rights are not infringed. CITY and SMPD also knew that a possibility existed where a minority of protestors might engage in criminal activity, including property destruction and looting. CITY, through the SMPD, directed, condoned, encouraged its officers to disperse the large crowds in violation of their First and Fourth Amendment rights through unconstitutional curfews and violent assaults with LLM projectiles and baton strikes. Moreover, these violent assaults occurred while those looting and destroying property were often ignored;

b. By employing and retaining as police officers and other personnel, including DEFENDANTS DOE OFFICES and DOES 1-50, who Defendants CITY and DOE SUPERVISORS at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority by using excessive force, and for mistreating citizens by failing to follow written Police Department's policies of CITY, including the use of excessive force and reckless disregard for human life and safety;

c. According to the aforementioned OIR report, CITY failed to conduct training on crowd control response to large protests for at least five years prior to this protest. While some officer took a course on advance techniques, even that training was several years old. The OIR identified this as a significant failure because SMPD's policies and training did not incorporate current practices. Current California Peace Officer Standard and Tactics ("POST") guidelines for crowd control management were not met;

d. By failing to provide adequate training to police officers with respect to constitutional limits on the use of rubber bullet guns and batons and other so called LLMs. As a consequence, these LLMs were deployed indiscriminately and improperly, causing PLAINTIFF and other demonstrators physical harm and fear

SIAS LAW, INC.
1809 S Street, Suite 101-291
Sacramento, CA 95811
T: 888.958.5071 – F: 888.958.5072

even though they posed no threat of immediate physical harm to officers or others, and who were not violently resisting arrest;

e.  By failing to provide adequate supervision to police officers with respect to constitutional limits on the use of rubber bullet guns and batons and other so called LLMs. As a consequence, these LLMs were deployed indiscriminately and improperly, causing PLAINTIFF and other demonstrators physical harm and fear even though they posed no threat of immediate physical harm to officers or others, and who were not violently resisting arrest;

f.  By failing to have an adequate policy on the lawful use of LLMs, especially in the context of responding to protests. As a consequence, these LLMs were deployed indiscriminately and improperly, causing PLAINTIFF and other demonstrators physical harm and fear even though they posed no threat of immediate physical harm to officers or others, and who were not violently resisting arrest;

g.  By inadequately disciplining CITY police officers, and other personnel, including Defendants DOE OFFICES and DOES 1-50, who DEFENDANTS CITY and DOE SUPERVISORS each knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits including the propensity for violence, reckless disregard for human life and safety, and the use of excessive force. As a consequence, these LLMs were deployed indiscriminately and improperly, causing PLAINTIFF and other demonstrators physical harm and fear even though they posed no threat of immediate physical harm to officers or others, and who were not violently resisting arrest;

h.  By maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by DOE OFFICERS, and DOES 1-50, who are CITY's employees and police officers;

i.  The use of force at the May 30, 2020 protest was ratified by CITY and SMPD when it failed to discipline or retrain CITY police officers' including DOE

SIAS LAW, INC.
1809 S Street, Suite 101-291
Sacramento, CA 95811
T: 888.958.5071 – F: 888.958.5072

OFFICERS and DOES 1-50, for their conduct, especially when the OIR found that many police officers did not turn on their body cameras, despite evidence of multiple potential use-of-force incidents that raised clear concerns of unlawful and excessive force, and when the OIR reviewed the body worn cameras, it identified seven incidents that warranted investigation at a minimum, although none occurred;

j.   The above-mentioned ratification promoted the belief that they can violate the rights of persons, such as PLAINTIFF, with impunity, and that such conduct will not adversely affect their opportunities for promotion and other employment benefits; and

k.   By CITY implementing a sweeping curfew that was not justified by the circumstances. That curfew was issued by CITY manager and ratified by CITY Council. Moreover, as a result and at the direction of the Police Chief, a policy maker for CITY, the protestors were kettled and shot at with LLM because DOE OFFICERS focused on peaceful protestors instead of others engaged in unlawful activity, including looters because they were easy targets to encounter and identify, and DOE OFFICERS failed to institute even the most basic due process or investigation tactics in trying to identify the single protestor that threw a water bottle or giving a dispersal warning prior to firing the LLMs.

## FIRST CLAIM FOR RELIEF

### First Amendment Retaliation

### (42 U.S.C. § 1983)

### (By PLAINTIFF against City of Santa Monica and Does 1-50)

65. PLAINTIFF realleges each and every allegation of this Complaint with the same force and effect as if fully set forth herein.

66. Demonstrations, protests, and right to speech, assembly, and association, are protected by the First Amendment to the United States Constitution. Defendants' actions using unlawful police tactics such as kettling and the excessive force when

SIAS LAW, INC.
1809 S Street, Suite 101-291
Sacramento, CA 95811
T: 888.958.5071 – F: 888.958.5072

they used LLMs, and CITY's curfew violated the First Amendment's prohibition on laws restricting speech. Defendants' curfew entirely restricted free speech by suppressing all demonstrations occurring after 4:00pm.

67. To demonstrate a First Amendment violation a PLAINTIFF must show that the defendant's actions (1) chilled the PLAINTIFF's political speech and that (2) the deterrence was a substantial and motivating factor in their actions. Mendocino Envtl. Ctr. v. Mendocino Cnty., 192 F.3d 1283 (9th Cir. 1999).

68. Furthermore, to satisfy First Amendment requirements, a curfew must both be narrowly tailored and allow for ample alternative channels of communication. A restriction that meets the ample alternative requirement can fail the narrow tailoring requirement. Matter Utah v. Njord, 774 F.3d 1258, 1267-68 (10th Cir. 2014) (citing United States v. Grace. 461 U.S. 171 (1983)).

69. As described above and herein, DEFENDANTS' conduct violated PLAINTIFF's rights to those constitutional protections.

## I. <u>DEFENDANTS UNLAWFUL USE OF FORCE DISALLOWED PLAINTIFF TO EXERCISE THEIR RIGHT TO PEACEFULLY PROTEST WHEN THEIR ACTIONS FORCED THEM TO RUN FOR THEIR LIVES AND SAFETY.</u>

70. PLAINTIFF engaged in constitutionally protected activity when he went with others near the Third Street Promenade in Santa Monica, and peacefully protested the killings of Black Americans by Police violence.

71. Defendants' conduct and actions prevented PLAINTIFF from freely expressing his First Amendment Rights in association with, in demonstration on behalf of, and in support of the Black Lives Matter movement, which was his right as a citizen of the United States of America.

72. Defendants' unlawful activity included enforcing an unlawful ordinance with violence, by kettling PLAINTIFF, assaulting him by displaying their batons in a threatening manner, assaulting him by firing LLMs at him when PLAINTIFF

SIAS LAW, INC.
1809 S Street, Suite 101-291
Sacramento, CA 95811
T: 888.958.5071 – F: 888.958.5072

was not a threat to anyone's safety, and battering him when DOES 1-50 shot him multiple times, including in the face, with rubber bullet guns.

73. Defendants' conduct was excessive and unreasonable as PLAINTIFF posed no threat whatsoever, and especially no immediate threat of death or serious bodily injury at the time of the shooting and was not aggressive or combative. PLAINTIFF received his injuries without receiving any audible orders from DEFENDANTS.

74. Furthermore, DOE OFFICERS and DOES 1-50's conduct of shooting rubber bullets and excessive force violated their training and police officer standard training. Furthermore, their targeting above the chest violated their training and police officer standard training.

75. But for the Defendants' unlawful conduct, PLAINTIFF would have continued to express his First Amendment right of freedom of speech instead of being forced to stop protesting and run for his safety.

76. Defendant DOES, who are supervisors, are liable for their direct actions as supervisors that caused the deprivation of PLAINTIFF's constitutional rights.

77. Defendants CITY and CHIEF RENAUD are liable pursuant to *Monell* because they maintained, condoned, and/or permitted a policy, custom, and/or practice of conscious disregard of and reckless indifference to Constitutional rights, which was a moving force in the violation of the PLAINTIFF's rights and/or because they ratified the actions of their employees.

78. CITY was deliberately indifferent to the obvious consequences of its failure to train its officers adequately.

79. The failure of CITY to provide adequate training caused the deprivation of PLAINTIFF's rights by and through DOE OFFICERS and DOES 1-50; that is CITY's failure to train is so closely related to the deprivation of PLAINTIFF's rights as to be the moving force that caused the ultimate injury.

80. As a direct and proximate cause of DEFENDANTS' actions and omissions,

SIAS LAW, INC.
1809 S Street, Suite 101-291
Sacramento, CA 95811
T: 888.958.5071 – F: 888.958.5072

as set forth above, DEFENDANTS are liable for PLAINTIFF's injuries, either because they were integral participants in the deprivation of their Constitutional rights, or because they failed to intervene to prevent these violations despite having the opportunity to intervene. As a result of their conduct, PLAINTIFF suffered damages, including, but not limited to, extreme mental anguish and physical pain and suffering, loss of enjoyment of life, loss of earning capacity, and those set forth at ¶¶ 61-62 above, and other pecuniary losses not yet ascertained.

81. As alleged herein, CITY maintained, *inter alia*, unconstitutional customs, practices, and policies as set forth herein, including, but not limited to:

a. Directing, encouraging, promoting, tolerating and encouraging the use of unnecessary and excessive force;

b. Employing and retaining as police officers and other personnel, including DOE OFFICERS, who defendants CITY and DOE SUPERVISORS at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority by using excessive force, and for mistreating citizens by failing to follow written SMPD's policies, including the use of excessive force and reckless disregard for human life and safety;

c. Inadequately supervising, training, controlling, assigning, and disciplining police officers and other personnel, including DOE OFFICERS, who CITY and DOE SUPERVISORS each knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits including the propensity for violence, reckless disregard for human life and safety, and the use of excessive force;

d. By maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by DOE OFFICERS, who employees and police officers of CITY;

e. By failing to adequately train officers, including DOE OFFICERS, and failing to institute appropriate policies, regarding constitutional procedures and

SIAS LAW, INC.
1809 S Street, Suite 101-291
Sacramento, CA 95811
T: 888.958.5071 – F: 888.958.5072

practices for use of force and reckless disregard for human life and safety;

f.   By failing to discipline CITY police officers' conduct, including DOE OFFICERS, for use of force and reckless disregard for human life and safety;

g.   By ratifying the intentional misconduct of DOE OFFICERS, and other police officers, who are police officers of CITY, and commit unlawful use of force with reckless disregard for human life and safety;

h.   By failing to properly and meaningfully investigate claims of reckless disregard for human life and safety and excessive force by SMPD officers, including DOE OFFICERS;

i.   By having and maintaining an unconstitutional custom and practice of reckless disregard for human life and safety, using excessive force, failing to obtain medical care, depriving persons of life, liberty, and property so as to shock the conscience, which is also demonstrated by inadequate training regarding these subjects; and

j.   The customs and practices of CITY, DOE OFFICERS, and DOE SUPERVISORS were done with a deliberate indifference to individuals' safety and rights.

82. Defendants CITY, CHIEF RENAUD, and DOES 1-50 together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above, these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of PLAINTIFF, and other individuals similarly situation.

83. By perpetuating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, defendants CITY, CHIEF RENAUD and DOES 1-50 acted with an intentional, reckless, and callous disregard toward Mr.

SIAS LAW, INC.
1809 S Street, Suite 101-291
Sacramento, CA 95811
T: 888.958.5071 – F: 888.958.5072

SIAS LAW, INC.
1809 S Street, Suite 101-291
Sacramento, CA 95811
T: 888.958.5071 – F: 888.958.5072

SINGLETARY's constitutional and state rights. DEFENDANTS, and each of their actions, were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

84. PLAINTIFF is informed and believes and thereon alleges that the acts of the DOE OFFICERS and DOES 1-50; were willful, malicious, intentional, reckless and/or were performed in willful and conscious disregard of PLAINTIFF's rights, justifying the awarding of punitive and exemplary damages against the individual defendants in an amount to be determined at the time of trial.

85. Accordingly, DEFENDANTS are each liable to PLAINTIFF for compensatory damages and individual DEFENDANTS are liable for punitive damages, under 42 U.S.C. § 1983. PLAINTIFF seeks attorney fees under this claim pursuant to 42 U.S.C. §1988.

## II. <u>DEFENDANTS' CURFEW SUPRRPESSED PLAINTIFF'S FIRST AMENDMENT RIGHT BECAUSE IT RESTRICTED MORE SPEECH THAN NECESSARY WITHOUT ANY ALTERNATIVES AND RESTRICTED THEIR FREEDOM OF MOVEMENT WITHOUT RECEIVING DUE PROCESS NOTIFICATION OF THE ORDINANCE.</u>

86. Although the defendants can punish activity that is unlawful conduct that may be connected to First Amendment speech, however, the defendants must only punish it after it occurs … First Amendment activity may not be banned simply because prior similar activity led to or involved instances of violence. <u>Collins v. Jordan</u>, 110 F.3d 1363, 1371-72 (9th Cir. 1996). Since unlawful assembly can be declared only for assemblies that are violent or that pose a clear and present danger of imminent violence, <u>In re Brown</u>, 9 Cal.3d 612, 623 (Cal. 1973), curfews also may be authorized when the state has no other means to prevent actual or imminent mass violence.

87. DEFENDANTS curfew failed the narrow tailoring test not only because of

the geographic scope, but also because the lock-down restricted all speech, which was more than necessary to achieve their goal.

88. Furthermore, their presumption of imminent mass violence was unfounded and there were less burdensome means for achieving CITY's aim that were available by employing traditional legal methods – especially when, as in this case, the number of damage or violence was extremely smaller than in comparison to the amount of nonviolent protest.

89. Additionally, PLAINTIFF has a right to freedom of movement, <u>Nunez v. City of San Diego</u>, 114 F.3d 935, 944 (9th Cir. 1997), and the ordinance's restrictions on movement were not narrowly tailored to accomplish their objective.

90. In essence, CITY's ordinance essentially placed everyone, including PLAINTIFF, on house arrest for at least twelve hours, starting in the late afternoon when businesses are usually opened and lasting throughout the night. The Constitution does not permit such a draconian deprivation of liberty under these circumstances, <u>Nunez</u>, 114 F.3d at 948, especially when the curfew failed to give sufficient notice – not requiring authorities to notify PLAINTIFF prior to enforcing them. Due Process required that the notice be of such nature as reasonably to convey the required information. <u>Mullane v. Central Hanover Bank & Trust Co.</u>, 339 U.S. 306, 314 (1950). As stated herein, the DOE OFFICERS failed to give any order prior to firing LLMs at PLAINTIFF.

91. Defendants' conduct and actions of enforcing this unlawful ordinance prevented PLAINTIFF from freely expressing their First Amendment Rights in association with, in demonstration on behalf of and in support of the Black Lives Matter movement, which was their right as citizens of the United States of America.

92. Defendants DOES, who are supervisors, are liable for their direct actions as supervisors that caused the deprivation of PLAINTIFF' constitutional rights.

93. Defendants CITY and CHIEF RENAUD are liable pursuant to *Monell*

SIAS LAW, INC.
1809 S Street, Suite 101-291
Sacramento, CA 95811
T: 888.958.5071 – F: 888.958.5072

because they maintained, condoned, and/or permitted a policy, custom, and/or practice of conscious disregard of and reckless indifference to Constitutional rights, which was a moving force in the violation of the PLAINTIFF' rights and/or because it ratified the actions of its employees.

94. CITY was deliberately indifferent to the obvious consequences of its failure to train its officers adequately.

95. The failure of CITY to provide adequate training caused the deprivation of PLAINTIFF' rights by DOE OFFICERS and DOES 1-50; that is Defendants' failure to train is so closely related to the deprivation of PLAINTIFF' rights as to be the moving force that caused the ultimate injury.

96. As a direct and proximate cause of DEFENDANTS' actions and omissions, as set forth above, DEFENDANTS are liable for PLAINTIFF' injuries, either because they were integral participants in the deprivation of their Constitutional rights, or because they failed to intervene to prevent these violations despite having the opportunity to intervene. As a result of their conduct, PLAINTIFF suffered damages, including, but not limited to, extreme mental anguish and physical pain and suffering, loss of enjoyment of life, loss of earning capacity, and those set forth at ¶¶ 61-62 above, and other pecuniary losses not yet ascertained.

97. As alleged herein, CITY maintained, *inter alia*, unconstitutional customs, practices, and policies as set forth herein, including, but not limited to:

  a. Directing, encouraging, promoting, tolerating and encouraging the use of unnecessary and excessive force;

  b. Employing and retaining as police officers and other personnel, including DOE OFFICERS, who DEFENDANTS CITY and DOE SUPERVISORS at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority by using excessive force, and for mistreating citizens by failing to follow written SMPD's policies, including the use of excessive force and reckless disregard for human life and safety;

c.  Inadequately supervising, training, controlling, assigning, and disciplining police officers and other personnel, including DOE OFFICERS, who CITY and DOE SUPERVISORS each knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits including the propensity for violence, reckless disregard for human life and safety, and the use of excessive force;

d.  By maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by DOE OFFICERS, who employees and police officers of CITY;

e.  By failing to adequately train officers, including DOE OFFICERS, and failing to institute appropriate policies, regarding constitutional procedures and practices for use of force and reckless disregard for human life and safety;

f.  By failing to discipline CITY police officers' conduct, including DOE OFFICERS, for use of force and reckless disregard for human life and safety;

g.  By ratifying the intentional misconduct of DOE OFFICERS, and other police officers, who are police officers of CITY, and commit unlawful use of force with reckless disregard for human life and safety;

h.  By failing to properly and meaningfully investigate claims of reckless disregard for human life and safety and excessive force by LAPD officers, including DOE OFFICERS; and

i.  By having and maintaining an unconstitutional custom and practice of reckless disregard for human life and safety, using excessive force, failing to obtain medical care, depriving persons of life, liberty, and property so as to shock the conscience, which is also demonstrated by inadequate training regarding these subjects.

j.  The customs and practices of CITY, DOE OFFICERS, and DOE SUPERVISORS were done with a deliberate indifference to individuals' safety and rights.

SIAS LAW, INC.
1809 S Street, Suite 101-291
Sacramento, CA 95811
T: 888.958.5071 – F: 888.958.5072

SIAS LAW, INC.
1809 S Street, Suite 101-291
Sacramento, CA 95811
T: 888.958.5071 – F: 888.958.5072

98. Defendants CITY, CHIEF RENAUD, and DOES 1-50 together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above, these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the PLAINTIFF's constitutional rights, and other individuals similarly situation.

99. By perpetuating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, defendants CITY, CHIEF RENAUD and DOES 1-50 acted with an intentional, reckless, and callous disregard toward PLAINTIFF's constitutional and state rights. Defendants and each of their actions were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

100.     PLAINTIFF is informed and believes and thereon alleges that the acts of the DOE OFFICERS and DOES 1-50; were willful, malicious, intentional, reckless and/or were performed in willful and conscious disregard of PLAINTIFF's rights, justifying the awarding of punitive and exemplary damages against the individual Defendants in an amount to be determined at the time of trial.

101.     Accordingly, DEFENDANTS are each liable to PLAINTIFF for compensatory damages and individual DEFENDANTS are liable for punitive damages, under 42 U.S.C. § 1983. PLAINTIFF seeks attorney fees under this claim pursuant to 42 U.S.C. §1988.

///
///
///
///

## SECOND CLAIM FOR RELIEF

**Fourth Amendment Unreasonable Search and Seizure – Excessive Force**

**(42 U.S.C. § 1983)**

**(By Plaintiff against City of Santa Monica and Does 1-50)**

102.     PLAINTIFF realleges each and every allegation of this Complaint with the same force and effect as if fully set forth herein.

103.     Defendants' conduct, described above, violated MR. SINGLETARY's rights to be free from unreasonable and excessive or arbitrary force without reasonable or probable cause under the Fourth Amendment to the United States Constitution.

104.     Defendants shot MR. SINGLETARY in his upper body: in the face, and wrist, and in the butt with rubber bullets, which resulted in diminished mobility, contusions, and inability to work.

105.     Defendants' conduct was excessive and unreasonable as MR. SINGLETARY posed no immediate threat of death or serious bodily injury to any police officer or anyone at the time of the shooting. PLAINTIFF peacefully protested with his hands above his head and open fists when he sustained his injuries without receiving any audible orders from Defendants.

106.     Further, DOE OFFICERS and DOES 1-50, conduct of firing LLMs and other excessive use of force violated their training, and police officer standard training, as they fired the LLMs indiscriminately and inconsistent with policies and procedures to avoid target-specific weapons from striking those who presented no imminent threat of harm to an officer or others, or who was not violently resisting arrest.

107.     In violation of the Fourth Amendment and relevant state provisions, defendants used unreasonable and excessive force based on the potentially unlawful acts of others, not based on a determination of individual conduct justifying such force.

SIAS LAW, INC.
1809 S Street, Suite 101-291
Sacramento, CA 95811
T: 888.988.5071 – F: 888.988.5072

108.     DOES 1-50, who are supervisors, are liable for their direct actions as supervisors which caused the deprivation of MR. SINGLETARY's constitutional rights.

109.     On information and belief, DOE OFFICERS and other DOES 1-50 involved were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with MR. SINGLETARY's injuries.

110.     On information and belief, CITY failed to properly and adequately train DOE OFFICERS and DOES 1-50, including but not limited to, with regard to the use of physical force, and less than lethal force on individuals peacefully protesting and/or members of the press documenting the protests.

111.     Defendants CITY and CHIEF RENAUD are liable pursuant to *Monell* because it maintained, condoned and/or permitted a policy, custom and/or practice of conscious disregard of and reckless indifference to Constitutional rights which was a moving force in the violation of MR. SINGLETARY'S rights and/or because it ratified the unconstitutional conduct of its employees.

112.     Defendants CITY and CHIEF RENAUD were deliberately indifferent to the obvious consequences of its failure to train its officers adequately.

113.     The failure of CITY to provide adequate training caused the deprivation of MR. SINGLETARY's rights by Defendants DOES 1-50; that is Defendants' failure to train is so closely related to the deprivation of MR. SINGLETARY's rights as to be the moving force that caused the ultimate injury.

114.     As a direct and proximate cause of Defendants' actions and omissions, as set forth above, Defendants are liable for MR. SINGLETARY's injuries, either because they were integral participants in the excessive force, or because they failed to intervene to prevent these violations despite having the opportunity to intervene. As a result of their conduct, Mr. SINGLETARY suffered damages, including, but not limited to, extreme mental anguish and physical pain and suffering, loss of enjoyment of life, loss of earning capacity, and those set forth

at ¶¶ 61-62 above, and other pecuniary losses not yet ascertained.

115.     The aforementioned customs and practices of CITY were implemented and/or maintained with deliberate indifference to individuals' safety and rights.

116.     Defendants CITY, CHIEF RENAUD, and DOES 1-50, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above, these Defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said Defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of MR. SINGLETARY, and other individuals similarly situation.

117.     By perpetuating, sanctioning, tolerating, and ratifying the outrageous conduct and other wrongful acts, Defendants CITY, CHIEF RENAUD, and DOES 1-50 acted with an intentional, reckless, and callous disregard toward Mr. SINGLETARY, and of the constitutional as well as human rights of MR. SINGLETARY. Defendants and each of them, actions were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

118.     MR. SINGLETARY is informed and believes and thereon alleges that the acts of the DOE OFFICERS and DOES 1-50; were willful, malicious, intentional, reckless and/or were performed in willful and conscious disregard of MR. SINGLETARY's rights, justifying the awarding of punitive and exemplary damages against the individual Defendants in an amount to be determined at the time of trial.

119.     Accordingly, DEFENDANTS are each liable to MR. SINGLETARY for compensatory damages and individual Defendants are liable for punitive

SIAS LAW, INC.
1809 S Street, Suite 101-291
Sacramento, CA 95811
T: 888.958.5071 – F: 888.958.5072

damages, under 42 U.S.C. § 1983. MR. SINGLETARY seeks attorney fees under this claim pursuant to 42 U.S.C. § 1988

## THIRD CLAIM FOR RELIEF

### Municipal Liability for Unconstitutional Custom, Practice or Policy
### (42 U.S.C. § 1983)

### (By Plaintiff against City of Santa Monica and Does 1-50)

120.    PLAINTIFF realleges each and every allegation of this Complaint with the same force and effect as if fully set forth herein.

121.    On and for some time prior to May 31, 2020 (and continuing to present date) Defendants deprived PLAINTIFF of rights and liberties secured to him by the Fourth and Fourteenth Amendments to the United States Constitution, in that defendants and their supervising and managerial employees, agents, and representatives, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of PLAINTIFF, and of persons in his class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized custom, policy and practice of those set forth at ¶¶ 63-64 above, and:

a.    Employing and retaining as police officers and other personnel who, at all times material herein, knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written CITY Police Department policies;

b.    Of inadequately supervising, training, controlling, assigning, and disciplining CITY police officers, and other personnel, who CITY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

c.    By failing to adequately train officers, including DOES 1-50, and failing to institute appropriate policies, regarding the use of excessive force, including deployment of a weapon;

SIAS LAW, INC.
1809 S Street, Suite 101-291
Sacramento, CA 95811
T: 888.958.5071 – F: 888.958.5072

d.      By having and maintaining an unconstitutional policy, custom, and practice of using excessive force, deployment of a weapon, which also is demonstrated by inadequate training regarding these subjects. These policies, customs, and practices were done with a deliberate indifference to individuals' safety and rights; and

e.      Of completely inadequately training CITY police officers and DOES 1-50, with respect to maintain civilized order during street protests.

122.    By reason of the aforementioned policies and practices of CITY and DOES 1-50, PLAINTIFF was severely injured and subjected to pain and suffering, and loss of enjoyment of life.

123.    Defendants CITY and DOES 1-50, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above, these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of MR. SINGLETARY and other individuals similarly situated.

124.    By perpetrating, sanctioning, tolerating, and ratifying the outrageous conduct and other wrongful acts, Defendants CITY and DOES 1-50, acted with an intentional, reckless, and callous disregard for the constitutional rights of MR. SINGLETARY. Defendants CITY and DOES 1-50, actions were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

125.    Furthermore, the policies, practices, and customs implemented and maintained and still tolerated by CITY and DOES 1-50, were affirmatively linked to and were a significantly influential force behind the injuries of MR. SINGLETARY.

126.     By reason of the acts and omissions of Defendants CITY and DOES 1-50, PLAINTIFF incurred damages, including but not limited to, medical expenses, loss of enjoyment of life and earning capacity.

127.     By reason of the acts and omissions of CITY and DOES 1-50, PLAINTIFF has suffered loss of love, companionship, affection, comfort, care, society, and future support.

128.     Accordingly, Defendants CITY and DOES 1-50, each are liable to PLAINTIFF for compensatory damages under 42 U.S.C. § 1983.

129.     PLAINTIFF also seeks attorney fees under this claim.

### FOURTH CLAIM FOR RELIEF

**Municipal Liability – Failure to Properly Train**

**(42 U.S.C. § 1983)**

**(By Plaintiff against City of Santa Monica and Does 1-50)**

130.     PLAINTIFF realleges each and every allegation of this Complaint with the same force and effect as if fully set forth herein.

131.     While acting under the color of state law and within the course and scope of their employment as police officers for CITY police department, DOES 1-50 fired rubber bullets at MR. SINGLETARY, depriving PLAINTIFF of his rights and liberties secured to him by the First Amendment, including the right to the freedom of speech, thought and expression.

132.     The training policies of CITY police department were not adequate to train its police officers, including but not limited to those set forth at ¶¶ 63-64 above, and especially with regards to deploying rubber bullets or using physical force. As a result, CITY police officers, including DOES 1-50, are not able to handle the usual and recurring situations with which they must deal, including contacting unarmed individuals. These inadequate training policies existed prior to the date of this incident and continue to this day.

133.     CITY police department was deliberately indifferent to the known or

SIAS LAW, INC.
1809 S Street, Suite 101-291
Sacramento, CA 95811
T: 888.958.5071 – F: 888.958.5072

obvious consequences of its failure to train its police officers, including DOES 1-50, adequately with regards to using rubber bullets or physical force. This inadequate training includes failing to teach officers to give a verbal warning when feasible prior to firing rubber bullets or using physical force, to give commands when feasible prior firing rubber bullets and/or using physical force, and to use less harmful options prior to resorting to firing rubber bullets or physical force.

134.      CITY and DOES 1-50 knew that failure to implement some sort of training with regard to their officers' use of rubber bullets or physical force and dealing with unarmed suspects would result in continuing to have numerous unreasonable officers involved excessive force claims involving unarmed individuals annually.

135.   The failure of CITY police department to provide adequate training with regards using rubber bullets and physical force, caused the deprivation of the PLAINTIFF's rights by DOES 1-50. Defendants' failure to train is so closely related to the deprivation of the PLAINTIFF's rights as to be the moving force that caused the ultimate injury.

136.      By failing to provide adequate training to CITY's police officers, including DOES 1-50, Defendants acted with an intentional, reckless, and callous disregard for MR. SINGLETARY's constitutional rights. Defendants' actions were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

137.      By reason of the aforementioned acts and omissions of Defendant DOES 1-50, PLAINTIFF was caused to incur medical expenses, loss of enjoyment of life earning capacity and other damages as will be proven at trial.

138.      Accordingly, Defendants CITY and DOES 1-50, each are liable to PLAINTIFF for compensatory damages under 42 U.S.C. § 1983.

139.      PLAINTIFF seeks statutory attorney fees under this claim.

///

SIAS LAW, INC.
1809 S Street, Suite 101-291
Sacramento, CA 95811
T: 888.958.5071 – F: 888.958.5072

# FIFTH CLAIM FOR RELIEF

## Battery

## (California Government Code § 820 and California Common Law)

## (By Plaintiff Sean Singletary against City of Santa Monica and Does 1-50)

140.     PLAINTIFF realleges each and every allegation in this Complaint with the same force and effect as if fully set forth herein.

141.     DOE OFFICERS and DOES 1-50, while working as police officers for CITY and acting within the course and scope of their duties, employed by CITY, intentionally, wrongfully, unlawfully, and violently touched and battered MR. SINGLETARY when they shot him with LLM projectiles and struck his person, which caused him serious injuries, severe physical pain, and contusions – to name a few.

142.     DOE OFFICERS and DOES 1-50 had no legal justification for their actions, and these defendants' use of force against MR. SINGLETARY, unjustified battering of his face, wrist and butt, with the use of rubber bullet guns and/or shooting LLM projectiles and ignoring MR. SINGLETARY's display of non-violence. These Defendants used such force without giving any audible orders while carrying out their duty as officers and as CITY employees. This use of force was unreasonable.

143.     As a direct and proximate cause of these defendants' actions and omissions, as set forth above, these defendants are liable for MR. SINGLETARY's injuries, either because they were integral participants in the excessive force, or because they failed to intervene to prevent these violations despite having the opportunity to intervene. As a result of their conduct, Mr. SINGLETARY suffered damages, including, but not limited to, extreme mental anguish and physical pain and suffering, loss of enjoyment of life, loss of earning capacity, and those set forth at ¶¶ 61-62 above, and other pecuniary losses not yet ascertained.

144.     CITY is vicariously liable for the wrongful acts of DOES 1-50

SIAS LAW, INC.
1809 S Street, Suite 101-291
Sacramento, CA 95811
T: 888.958.5071 – F: 888.958.5072

pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

145.     MR. SINGLETARY is informed and believes and thereon alleges that the Defendants' conduct was willful, malicious, wanton, intentional, oppressive, reckless and/or were accomplished with a willful and conscious disregard of the rights, welfare, and safety of PLAINTIFF, thereby justifying an award of punitive and exemplary damages in an amount to be determined at the time of trial.

146.     As a result of their conduct, Defendants are liable for MR. SINGLETARY's injuries, either because they were integral participants in the battery, or because they failed to intervene to prevent these violations.

## SIXTH CLAIM FOR RELIEF

### Assault

### (California Government Code § 820 and California Common Law)

### (By Plaintiff against City of Santa Monica and Does 1-50)

147.     PLAINTIFF realleges each and every allegation in this Complaint with the same force and effect as if fully set forth herein.

148.     DOE OFFICERS and DOES 1-50, while working as police officers for CITY and acting within the course and scope of their duties, employed by CITY, intentionally, wrongfully, unlawfully, and violently touched and battered MR. SINGLETARY, when they shot LLM at PLAINTIFF, which caused serious injuries, mental anguish, severe physical pain, and contusions – to name a few.

149.     DOE OFFICERS and DOES 1-50 had no legal justification for their actions, and these Defendants use used threatening conduct while PLAINTIFF peacefully protested and received no audible orders, while carrying out their duty as officers and as CITY employees. This use of force was unreasonable.

SIAS LAW, INC.
1809 S Street, Suite 101-291
Sacramento, CA 95811
T: 888.958.5071 – F: 888.958.5072

150.     As a direct and proximate cause of these defendants' actions and omissions, as set forth above, these defendants are liable for PLAINTIFF's injuries, either because they were integral participants in the excessive force, or because they failed to intervene to prevent these violations despite having the opportunity to intervene. As a result of their conduct, PLAINTIFF suffered damages, including, but not limited to, extreme mental anguish and physical pain and suffering, loss of enjoyment of life, loss of earning capacity, and those set forth at ¶¶ 61-62 above, and other pecuniary losses not yet ascertained.

151.     CITY is vicariously liable for the wrongful acts of DOES 1-50 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

152.     PLAINTIFF is informed and believes and thereon alleges that the defendants' conduct was willful, malicious, wanton, intentional, oppressive, reckless and/or were accomplished with a willful and conscious disregard of the rights, welfare, and safety of PLAINTIFF, thereby justifying an award of punitive and exemplary damages in an amount to be determined at the time of trial.

153.     As a result of their conduct, Defendants are liable for PLAINTIFF's injuries, either because they were integral participants in the battery, or because they failed to intervene to prevent these violations.

## SEVENTH CLAIM FOR RELIEF

### Negligence

### (California Government Code § 820 and California Common Law)

### (By Plaintiff against City of Santa Monica and Does 1-50)

154.     PLAINTIFF realleges each and every allegation in this Complaint with the same force and effect as if fully set forth herein.

155.     Defendants owed a duty of care to PLAINTIFF and were required to

SIAS LAW, INC.
1809 S Street, Suite 101-291
Sacramento, CA 95811
T: 888.958.5071 – F: 888.958.5072

use reasonable diligence to ensure PLAINTIFF was not harmed by Defendants' acts or omissions.  DOES 1-50's actions and omissions were negligent and reckless, and included, but were not limited to:

a.  the failure to properly and adequately assess and/or supervise the need to detain, arrest, and use force;

b.  the failure to monitor or record any use of force by CITY, including DOES 1-50;

c.  the failure to monitor and record any injuries specifically caused by the use of force by the Defendants;

d.  the negligent tactics and handling of the situation with PLAINTIFF;

e.  the negligent use of force against PLAINTIFF including firing rubber bullets at PLAINTIFF and striking him in the face, wrist and butt when they fired LLM projectiles at PLAINTIFF and left him in the state of excruciating pain and shock;

f.  the failure to give an audible command prior to firing LLM projectiles;

g.  the failure to properly and adequately train, supervise and discipline employees, including DOES 1-50;

h.  the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of PLAINTIFF; and

i.  the failure to provide access to prompt medical care to PLAINTIFF when CITY issued an ordinance with the foreseeable consequence to PLAINTIFF.

156.     As a direct and proximate cause of defendants' actions and omissions, as set forth above, and other undiscovered negligent conduct, PLAINTIFF was caused to suffer severe pain and suffering, both physically and emotionally.

157.     Additionally, at the aforementioned date, time, and place, defendants negligently, carelessly and without reasonable care, threatened PLAINTIFF and shot him.

158.     CITY is vicariously liable for the wrongful acts of DOES 1-50

SIAS LAW, INC.
1809 S Street, Suite 101-291
Sacramento, CA 95811
T: 888.958.5071 – F: 888.958.5072

pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

159. PLAINTIFF is informed and believes and thereon alleges that the defendants' conduct was willful, malicious, wanton, intentional, oppressive, reckless and/or were accomplished with a willful and conscious disregard of the rights, welfare, and safety of PLAINTIFF, thereby justifying an award of punitive and exemplary damages in an amount to be determined at the time of trial.

160. Defendants had the authority to supervise, prohibit, control and/or regulate DOE OFFICERS so as to prevent these acts and omissions from occurring.

161. Defendants failed to exercise due care by hiring, retaining, and failing to supervise, prohibit, control, or regulate OFFICERS and Does 1-50. As a direct and proximate result of defendants' negligent hiring, retention and supervision, control and regulation of DOE OFFICERS, PLAINTIFF suffered and continue to suffers injuries entitling them to damages in amounts to be proven at trial.

162. By the aforementioned acts and omissions of defendants, and each of them, PLAINTIFF has been directly and legally caused to suffer actual damages, including, but not limited to, extreme pain and suffering both with regards to physical and mental suffering.

163. As a further direct and proximate cause of defendants, and each of them, aforementioned conduct, PLAINTIFF has been caused to and did suffer and continues to suffer severe emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, pain, discomfort, anxiety, physiological harm, physical pain and suffering. The exact nature and extent of these injuries are presently unknown to PLAINTIFF. PLAINTIFF does not know at this time the exact duration or permanence of said injuries but is informed and believes, and

SIAS LAW, INC.
1809 S Street, Suite 101-291
Sacramento, CA 95811
T: 888.958.5071 – F: 888.958.5072

thereon alleges, that some, if not all, of the injuries are reasonably certain to be permanent in character.

164.　　As a result of their conduct, defendants are liable for PLAINTIFF's injuries, either because they were integral participants in the assault and battery, or because they failed to intervene to prevent these violations despite having the opportunity to intervene, or under the doctrine of *respondeat superior*.

165.　　As a result of their conduct, PLAINTIFF suffered damages, including, but not limited to, extreme mental anguish and physical pain and suffering, loss of enjoyment of life, loss of earning capacity, and those set forth at ¶¶ 61-62 above, and other pecuniary losses not yet ascertained.

166.　　PLAINTIFF is informed and believes, and thereon alleges, that the defendants, and each of them, by engaging in the aforementioned acts and/or in authorizing and/or ratifying such acts, engaged in willful, malicious, intentional, oppressive and despicable conduct, and acted with willful and conscious disregard of the rights, welfare and safety of PLAINTIFF, thereby justifying the award of punitive and exemplary damages in an amount to be determined at trial.

## EIGHTH CLAIM FOR RELIEF

**Intentional Infliction of Emotional Distress**

**(California Government Code § 829 and California Common Law)**

**(By Plaintiff against City of Santa Monica and Does 1-50)**

167.　　PLAINTIFF realleges each and every allegation in this Complaint with the same force and effect as if fully set forth herein.

168.　　DOES 1-50 conduct as described above was done in a careless or negligent manner, without consideration for the effect of such conduct upon PLAINTIFF's well-being.

169.　　By the aforementioned acts and omissions of defendants, and each of them, PLAINTIFF has been directly and legally caused to suffer actual damages,

SIAS LAW, INC.
1809 S Street, Suite 101-291
Sacramento, CA 95811
T: 888.958.5071 – F: 888.958.5072

SIAS LAW, INC.
1809 S Street, Suite 101-291
Sacramento, CA 95811
T: 888.958.5071 – F: 888.958.5072

including, but not limited to, extreme pain and suffering both with regards to physical and mental suffering.

170.     As a further direct and proximate cause of defendants, and each of them, aforementioned conduct, PLAINTIFF has been caused to and did suffer and continues to suffer severe emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, pain, discomfort, anxiety, physiological harm, physical pain and suffering. The exact nature and extent of these injuries are presently unknown to PLAINTIFF. PLAINTIFF does not know at this time the exact duration or permanence of said injuries but is informed and believes, and thereon alleges, that some, if not all, of the injuries are reasonably certain to be permanent in character.

171.     As a result of their conduct, defendants are liable for PLAINTIFF's injuries, either because they were integral participants in the assault and battery, or because they failed to intervene to prevent these violations despite having the opportunity to intervene, or under the doctrine of *respondeat superior*.

172.     As a result of their conduct, PLAINTIFF suffered damages, including, but not limited to, extreme mental anguish and physical pain and suffering, loss of enjoyment of life, loss of earning capacity, and those set forth at ¶¶ 61-62 above, and other pecuniary losses not yet ascertained.

173.     CITY is vicariously liable for the wrongful acts of Defendants DOES 1-50, inclusive, pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

174.     PLAINTIFF is informed and believes, and thereon alleges, that the defendants, and each of them, by engaging in the aforementioned acts and/or in authorizing and/or ratifying such acts, engaged in willful, malicious, intentional, oppressive and despicable conduct, and acted with willful and conscious disregard

of the rights, welfare and safety of PLAINTIFF, thereby justifying the award of punitive and exemplary damages in an amount to be determined at trial.

## NINTH CLAIM FOR RELIEF

### Violation of Bane Act

### (California Civil Code § 52.1)

### (By Plaintiff Against CITY, DOES 1-5)

175.     PLAINTIFF realleges each and every allegation of this Complaint with the same force and effect as if fully set forth herein.

176.     California Civil Code, Section 52.1 (the Bane Act), prohibits any person from interfering with another person's exercise or enjoyment of his constitutional rights by threats, intimidation, or coercion (or by the use of unconstitutionally excessive force).

177.     As alleged herein, defendants, each of them, interfered by threats, intimidation, coercion or violence with PLAINTIFF's rights under state and federal laws and under the state and federal Constitution including, without limitation, the right to assemble, to be free from excessive force, the right to due process, and the right to bodily integrity and protection from bodily harm, including his rights under Civil Code § 43, Penal Code §§ 149, 240, and 242, and his rights under the First, Fourth and Fourteenth Amendments to the United States Constitution and his rights under Article 1, Sections 1, 7 and/or 13 of the United States Constitution and his rights under Article 1, Sections 1, 7 and/or 13 of the California Constitution.

178.     Defendants conduct caused PLAINTIFF extreme pain and suffering both with regards to physical and mental suffering.

179.     As a result of their conduct, DOES 1-50 are liable for PLAINTIFF's injuries, either because they were integral participants in the assault and battery, or because they failed to intervene to prevent these violations despite having the opportunity to intervene.

180.     Furthermore, CITY is liable for the wrongful conduct of its employees

SIAS LAW, INC.
1809 S Street, Suite 101-291
Sacramento, CA 95811
T: 888.988.5071 – F: 888.988.5072

and its agents through the doctrine of *respondeat superior* and vicarious liability.
Defendants' actions, as set forth herein, constituted interference by threat,
intimidation, or coercion, with the exercise or enjoyment by PLAINTIFF's rights
secured by the Constitution or laws of the United States, or of the rights secured by
the Constitution or laws of California in violation of Cal. Civ. Code §52.1.

181.    As a direct and proximate cause of defendants' actions and omissions,
as set forth above, defendants are liable for PLAINTIFF's injuries, either because
they were integral participants in the excessive force, or because they failed to
intervene to prevent these violations despite having the opportunity to intervene.
As a result of their conduct, PLAINTIFF suffered damages, including, but not
limited to, extreme mental anguish and physical pain and suffering, sickness,
emotional distress, psychological injury, medical expenses, attorneys' fees, costs of
suit, and those set forth at ¶¶ 61-62 above, and other pecuniary losses not yet
ascertained.

182. PLAINTIFF is informed and believes and thereon alleges that the conduct
of DOES 1-50 was willful, malicious, wanton, intentional, oppressive, reckless
and/or were accomplished with a willful and conscious disregard of the rights,
welfare and safety of others, thereby justifying an award of punitive and exemplary
damages in an amount to be determined at the time of trial.

183. PLAINTIFF seeks all damages under state law. PLAINTIFF also seeks
reasonable attorney's fees under this claim.

## PRAYER FOR RELIEF

**WHEREFORE**, PLAINTIFF pray for judgment against Defendants and
each of them, as follows

1. For compensatory (or general) and non-economic damages, in an amount to
   be proven at trial;

2. For special damages according to proof;

3. For punitive damages allowed by law against the individual, non-

SIAS LAW, INC.
1809 S Street, Suite 101-291
Sacramento, CA 95811
T: 888.958.5071 – F: 888.958.5072

government entity, Defendants in an amount to be proven at trial;

    4. For equitable relief;

    5. For prejudgment and post judgement interest as permitted by law;

    6. For reasonable costs of this suit incurred herein

    7. For attorneys' fees as allowed by law;

    8. For civil penalties as allowed by law;

    9. For treble damages under Civil Code Section 52.1.

    10. Costs of suit; and

    11. For such further other relief as the Court may deem just, proper and appropriate.


Dated: March 10, 2022

                                             **SIAS LAW, INC.**
                                             **DOUGLAS / HICKS LAW, APC**

Respectfully Submitted By:           _____

                                             JASON O. SIAS
                                             JAMON R. HICKS
                                           Attorneys for PLAINTIFF
                                           SEAN SINGLETARY

SIAS LAW, INC.
1809 S Street, Suite 101-291
Sacramento, CA 95811
T: 888.958.5071 – F: 888.958.5072

## DEMAND FOR JURY TRIAL

PLAINTIFF hereby demands a trial by jury in this action.

Dated: March 10, 2022

**SIAS LAW, INC.**
**DOUGLAS / HICKS LAW, APC**

Respectfully Submitted By: _____

JASON O. SIAS
JAMON R. HICKS
Attorneys for PLAINTIFF
SEAN SINGLETARY

**SIAS LAW, INC.**
1809 S Street, Suite 101-291
Sacramento, CA 95811
T: 888.958.5071 – F: 888.958.5072